UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

                                                  Case No. 8-15-74712-reg

ANTHONY OTTIMO,

                                                  Chapter 7

                     Debtor.
-----------------------------------------------------------------x
UNITED SERVICE ORGANIZATIONS, INC.,

                   Plaintiff,

   - against -                                    Adv. Proc. No. 8-16-08019-reg

ANTHONY OTTIMO,

                   Defendant.
-----------------------------------------------------------------x

**MEMORANDUM DECISION**

      The matter before the Court is a motion for summary judgment by the Plaintiff, United Service Organizations, Inc. ("USO") in an adversary proceeding against the Debtor, Anthony Ottimo (the "Debtor" or "Defendant"), seeking to declare USO's claim in this case non-dischargable under §§523(a)(2)(A), (4) and (6) of the Bankruptcy Code. USO argues that there are no triable issues of fact in that all the elements necessary to establish the §523(a)(2)(A) allegations set forth in the complaint are satisfied by giving collateral estoppel effect to a pre-petition judgment entered in a state court proceeding by Justice Ramos, NYS Supreme Court, NY County ("State Court"). USO also argues that based upon the State Court record there are no material facts which can be disputed by the Debtor, and as a matter of law the Court should grant summary judgment on its §523(a)(4) and (a)(6) claims.

      Summary judgment may be granted only when there is no genuine dispute as to any material fact and movant is entitled to judgment as a matter of law. Fed. R. Bankr. P. 7056. The

Debtor argues there are many issues of fact still to be determined in order to find the Debtor's debt to USO non-dischargable.  The Debtor argues that the evidence submitted in the State Court proceeding against the Debtor, individually, does not support a judgment for fraud under §523(a)(2)(A), and it also does not support a finding of embezzlement and/or willful and malicious injury under sections §§523(a)(4) and (6).  (Defendant's Statement Pursuant to Local Rule 7056-1 of Material Facts to which it is Contended There Exists A Genuine Issue to be Tried ("Def's 7056 Statement" (ECF No. 49)).

In determining whether summary judgement is appropriate in this matter the issue before the Court is not whether a genuine dispute as to material facts exist between the parties, but rather to what extent by a entering judgment for fraud, which is now final and non-appealable, the State Court resolved these facts.  The Court finds that the entry of a judgment for common law fraud under NYS law conclusively establishes "actual fraud" under § 523(a)(2)(A), and therefore applying the doctrine of collateral estoppel to the instant matter, the Court finds that summary judgment in Plaintiff's favor is appropriate.

The relevant facts are as follows:  Jet One Jets, Inc., ("Jet One") was in the business of brokering jet chartering services.  (Affidavit of Debtor Defendant in Opposition to Motion of Plaintiff for Summary Judgement ("Def's Aff.") ¶3 (ECF. No. 48)); (Plaintiff's Local Bankruptcy Rule 7056-1 Statement of Material and Undisputed Facts ("Pl's 7056 Statement") ¶2 ECF No. 40)).  The company was owned by Anthony and Louis Ottimo.  (Def's Aff. ¶4).  USO utilized the services of Jet One, as broker, to arrange a charter flight to transport entertainers and others on a USO entertainment tour to Germany. (Pl's 7056 Statement, ¶¶75, 76).  USO was to pay Jet One, and Jet One was to pay the charter service, Seagrave.  (Def's Aff. ¶8, Pl's 7056 Statement ¶¶82-88).  Payment between Jet One and Seagrave typically was done by credit card.

(Def's Aff. ¶11, Pl's 7056 Statement ¶111). However, in this particular transaction, Seagrave did not accept Jet One's credit card payment for USO flight, as represented by a Jet One employee, and Seagrave would not honor the flight without payment up front. (Def's Aff. ¶8, Pl's 7056 Statement ¶¶89, 110). USO, not wanting to cancel the event, entered into a separate agreement with Seagrave to use USO's credit card on hold to secure the flight based on Jet One's representations that USO's credit card would not be charged twice. (Def's Aff. ¶8, Pl's 7056 Statement ¶¶130, 134). Jet One did not reimburse USO. (Def's Aff. ¶11, Pl's 7056 Statement ¶157). The end result is that USO paid both Jet One and Seagrave for the flight. (Def's Aff. ¶11, Pl's 7056 Statement ¶154).

USO filed a complaint in State Court against Jet One and Anthony and Louis Ottimo individually, asserting claims for breach of contract, unjust enrichment and fraud. (Pl's 7056 Statement ¶9). Specifically, in the Fifth Cause of Action of the State Court complaint, as against Louis Ottimo and Anthony Ottimo, it was alleged that:

> 59. Upon information and belief, Louis Ottimo and Anthony Ottimo undercapitalized Jet One and used corporate funds for their personal benefit and commingled corporate assets with personal funds such that Jet One lost its identity as a separate corporation and became an instrumentality of Louis Ottimo and Anthony Ottimo personally.
>
> 60. Louis Ottimo and Anthony Ottimo intentionally made false statements of material fact to Plaintiff with the intent to induce Plaintiff to act to Plaintiff's detriment.
>
> 61. Louis Ottimo and Anthony Ottimo falsely represented to Plaintiff that Plaintiff would receive back by April 24, 2008 or at the latest by May 4, 2008, the $237,787 that Plaintiff wired to Jet One.
>
> 62. Plaintiff relied on Jet One's statements that Plaintiff would receive its money back.
>
> 63. Upon information and belief, neither Louis Ottimo nor Anthony Ottimo had any intention of returning to Plaintiff its $237,787 or applying this sum towards Plaintiff's contract with Seagrave.

    64.    Neither Louis Ottimo nor Anthony Ottimo returned Plaintiff's funds or applied the funds to Plaintiff's contract with Seagrave.

    65.    Plaintiff has been damaged by Louis Ottimo's and Anthony Ottimo's inducement to pay to Jet One $237,787 because Plaintiff was forced to enter into a contract directly with Seagrave for the charter flights and to incur on its credit card an additional $202,000 in charges that were invoiced by Seagrave for the charter flight and has had to devote substantial time and resources in its attempt to recover the monies owed it by Defendants.

(Motion for Summary Judgment, ECF No. 39, Ex. 42).

USO sought summary judgment on all causes of action in the State Court complaint, including the Fifth Cause of Action against Anthony and Louis Ottimo, individually. In that motion, USO asserted that Louis Ottimo and Anthony Ottimo "repeatedly made misrepresentation to USO, both individually and through their employee, James Chitty, which were calculated to ensure that Jet One could obtain, and then keep, the USO Funds. [Louis Ottimo and Anthony Ottimo] should therefore be held liable for USO's fifth cause of action for fraud." (Motion for Summary Judgment, ECF No. 39, Ex. 62).

Justice Ramos ultimately granted USO's motion for summary judgment on the Complaint and USO's request to pierce the corporate veil. The Order granting summary judgment in USO's favor states:

> After careful review of the pleadings, and the entire record herein, and having considered the written arguments of counsel for USO and Defendants and the supporting documents submitted in connection with USO's motion for summary judgment, . . . , and having considered all arguments presented therein and to the Court during oral argument on July 3, 2013, and the Court being otherwise fully advised in the premises, it is:
>
> ORDERED AND ADJUDGED that based on the merits presented, USO's motion for summary judgment on the Complaint, which demands judgment against Defendants, jointly and severally, in the sum of $234,787 plus interests, and the costs, disbursements and for an order permitting USO to pierce the

>   corporate veil to reach the personal assets of LOUIS OTTIMO and ANTHONY
>   OTTIMO, is granted in its entirety.

(Motion for Summary Judgment, ECF No. 39, Ex. 66).

On June 9, 2014, Judgment was entered in favor of USO against Jet One, Louis Ottimo and Anthony Ottimo, jointly and severally, in the total sum of $330,791.80, which sum included costs, interest and $76,755 in attorney fees awarded to USO upon separate motion by USO (the "Judgment"). (Motion for Summary Judgment, ECF No. 39, Ex. 71).

Anthony Ottimo, the Debtor, filed for chapter 7 relief on November 4, 2015. The present non-dischargeability action was subsequently commenced by USO. USO filed the instant motion for summary judgment. The Debtor objected and USO replied. Oral arguments were heard on May 21, 2017.

## I. Collateral Estoppel: Issue preclusion - §523(a)(2)(A)

The Court finds the §523(a)(2)(A) claim for actual fraud as set forth in the complaint can be resolved on summary judgment by applying the doctrine of collateral estoppel. *See Grogan v. Garner,* 498 U.S. 279 (1991) (… "bankruptcy court could properly give collateral estoppel effect to those elements of the claim that are identical to the elements required for discharge and which were actually litigated and determined in the prior action."). It is well settled that in order for collateral estoppel to apply "(1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *Evans v. Ottimo,* 469 F.3d 278, 281 (2d Cir. 2006); *see also Indo-Med Commodities, Inc. v. Wisell (In re Wisell),* No. 08-11-08163-REG, 2011 WL 3607614, at *1 (Bankr. E.D.N.Y. Aug. 16, 2011) ("bankruptcy court

5

must be able to point to clear and unequivocal factual and/or legal findings in the prepetition judgment which would satisfy the requisite elements of section 523(a)."). The doctrine of collateral estoppel applies here because the identical issue of "actual fraud" was determined by the State Court Judgment, and the Debtor had a full and fair opportunity to litigate that issue.

### A) Identical Issue Decided

The first question that must be answered is whether the Judgment entered in the State Court necessarily decided the identical issue of "actual fraud" as required by §523(a)(2)(A). The record demonstrates that common law fraud was found by Justice Ramos "pursuant to the complaint" "on the merits" and after having heard oral argument on USO's motion for summary judgment. USO's Fifth Cause of Action against the Debtor, Louis Ottimo and Jet One in the State Court complaint was for common law fraud, and Judgment was ultimately entered against the Debtor on the fifth cause of action. Therefore if the elements of common law fraud are identical to actual fraud under §523(a)(2)(A), then the "identical issue" was necessarily decided by the pre-petition Judgment.

The Court finds that actual fraud under §523(a)(2)(A) is identical to common law fraud under New York law. Under New York common law fraud the plaintiff must prove by clear and convincing evidence that a false representation of material fact was made, the party who made the representation knew that it was false when it was made, the plaintiff justifiably relied on that misrepresentation, and an injury resulted. *Evans,* 469 F.3d at 283. The elements of actual fraud under the Bankruptcy Code incorporate the general common law of torts and likewise include a false representation, scienter, reliance and harm. *Id.* (citing *Field v. Mans,* 516 U.S. 59, 70 n. 9 (1995)). The Second Circuit in *Evans* found that "the elements of fraud under New York law are identical to the elements of fraud under the Bankruptcy Code §523(a)." *Id.* at 282. Noting that

the burden to establish fraud under New York state law is higher than would be necessarily required in bankruptcy court, the Second Circuit concluded that a default judgment based on a complaint alleging fraud under New York law necessarily precluded the Debtor from re-litigating that issue in the §523 context. *Id.* at 283.

The Debtor argues that the State Court did not make any specific factual findings as to misrepresentations or fraudulent conduct by the Debtor and this should preclude the application of collateral estoppel. The Court disagrees. First, the State Court complaint specifically alleged fraudulent misrepresentations and other conduct by the Debtor and Judgment was entered against the Debtor based upon those allegations. A finding as to each element of common law fraud is subsumed within the final and non-appealable Judgment for fraud even if there were no specific factual findings laid out in the Judgment or other written opinion of the State Court. Second, even if there were no specific allegations or findings of actual misrepresentations by the Debtor, the Supreme Court's in *Husky Int'l Elecs., Inc. v. Ritz,* 136 S.Ct. 1581 (2016), recently held that "actual fraud" under §523(a)(2)(A) encompasses fraudulent acts by a debtor that can be undertaken without a false representation. Thus, there can be no question that a finding of common law fraud, or more commonly known as "five finger fraud" in New York, is identical to "actual fraud" under § 523(a)(2)(A). *See In re Cahill,* No. 15-72418-REG, 2017 WL 713565, at *6 (Bankr. E.D.N.Y. Feb. 22, 2017) ("[The Supreme Court] expanded the definition of actual fraud to include more than fraud based on a misrepresentation, [and] clearly held that 'actual fraud' also encompasses fraudulent inducement based on a misrepresentation"); *Marini v. Adamo (In re Adamo),* 560 B.R. 642 (Bankr. E.D.N.Y. 2016); *In re Delia,* 2013 WL 5450456 (S.D.N.Y. Sep. 30, 2013) (citing *Field v. Mans,* 516 U.S. 59 (1995) for the proposition that "actual fraud" is

based on "five finger" fraud); *In re Wisell,* 494 B.R. 23, 37 (Bankr. E.D.N.Y. 2011); *In re Nofer*, 514 B.R. 346, 355 (Bankr. E.D.N.Y. 2014).

Finally, the Debtor cites to *Dennis v. Dennis (In re Dennis)*, 25 F.3d 274 (5th Cir. 1994), for the proposition that the court is not bound by the doctrine of collateral estoppel when the non-dischargability of a debt is at issue. *Dennis*, however, has no application here. In *Dennis* the Fifth Circuit found that the "label" of "alimony, maintenance or support" applied to an obligation in the context of a matrimonial proceeding would not be given preclusive effect in a §523 proceeding. In that context, it was common in the matrimonial proceedings to label obligations arising from a separation or divorce settlement as "alimony maintenance or support" or as "equitable distribution" for tax purposes. Recognizing this, in the bankruptcy context, preclusive effect is typically not given to the label placed on an obligation arising out of a divorce proceeding; courts routinely look behind the label to determine the true nature of the obligation. *See also In re Berube,* 533 B.R. 352 (Bankr. D. Maine. 2015) ("The state court's designation of the award is not controlling; in other words, simply labelling a payment or an obligation as 'in the nature of support' does not make it so"); *Chase v. Chase (In re Chase)*, 392 B.R. 72, 81 (Bankr. S.D.N.Y. 2008 ) ("[the] determination [of the nature of an obligation as a domestic support obligation] is made under federal, not state, law, and is not governed by state law treatment of the obligation nor by the *label* the parties have used to describe the obligation") (emphasis added). Here, we are not dealing with a domestic support obligation, nor are we dealing with merely a "label" of fraud as the Debtor argues. Rather, we are dealing with a final and non-appealable Judgment on the merits for fraud. *Dennis* has no application in this context.

### B) Full and fair opportunity to litigate

8

The next question to be answered is whether the Debtor had a full and fair opportunity to litigate the fraud issue in the State Court. In *Evans v. Ottimo* the Second Circuit found that "based on a complaint that alleged fraud and following an inquest at which Evans testified and offered evidence of the [debtor's] fraudulent conduct the state court (1) explicitly concluded that there's been a very definite element of fraud and deceit in this matter; (2) imposed punitive damages; and (3) entered judgment against the [debtors]." *Evans*, 469 F.3d at 283. In *Evans*, the Second Circuit found that collateral estoppel should have been applied to preclude the debtor from re-litigating the issue of fraud even though the non-bankruptcy judgment was entered upon the debtor's default.

Here, the Judgment was not entered by default. The Debtor actively participated in the State Court proceedings. The Debtor appeared, and filed a motion for summary judgment which ultimately was denied. The Debtor appeared in opposition to USO's motion for summary judgment in the State Court proceeding, and Judgment was ultimately entered against the Debtor after a lengthy hearing, and oral ruling from the bench, at which hearing the Debtor was represented by counsel. USO provided this Court with the transcripts of three hearings before the State Court which show that the Debtor was an active and engaged litigant in the proceedings and was given ample opportunity to argue the merits of his case.

The Court thus finds that the Debtor had a full and fair opportunity to litigate in the State Court proceedings. The Debtor also had the opportunity to appeal the Judgment, and chose not to.

After considering all of the arguments, and applying the standard set forth in *Evans,* the case before the Court shows that the identical issue of fraud was necessarily decided by the State Court Judgment, which is now final and non-appealable. The record also shows that the Debtor

and a full and fair opportunity to litigate the issue of fraud in the State Court proceeding. As such summary judgment will be granted in favor of the Plaintiff on the first cause of action, to deny dischargeability of USO's Judgment under §523(a)(2)(A), based on the collateral estoppel effect of the State Court Judgment.

## II. Collateral estoppel: Fact preclusion - §523(a)(4) and §523(a)(6)

USO also urges this Court to aggregate the factual findings of the State Court, preclude the Debtor from re-litigating those facts, and find that those facts are sufficient to establish the requisite elements of §523(a)(2)(6) (willful and malicious injury) and §523(a)(4) (embezzlement). [1] However, this Court has previously held that it will not make conclusions of law based on facts that do not clearly and unequivocally establish the underlying elements of the §523(a) cause of action. *See Sarasota CCM, Inc. v. Kuncman, (In re Kuncman),* 466 B.R. 590 (E.D.N.Y. 2012) (affirming the bankruptcy court's denial of summary judgment by refusing to give collateral estoppel effect because the underlying ambiguity of the judgment and lack of evidence presented to establish fraudulent intent).

The State Court complaint does not allege embezzlement or willful or malicious injury, and there is no discussion in the record of embezzlement or willful or malicious injury. Because the elements necessary under §523(a)(4) and (6) are distinct from the elements of §523(a)(2)(A) the Court cannot grant summary judgment on those counts. Therefore, the summary judgment

---

[1]  USO also asks this Court to apply "fact preclusion" to the separate claims for "false pretenses" and "false representation" under §523(a)(2)(A). However, because the Court has already granted relief under that subsection, it will not specifically address those arguments.

motion is denied in part as to §523(a)(4) and (6).  An order and judgment consistent with this Memorandum Decision shall be entered forthwith.



**Dated: Central Islip, New York**
**June 6, 2017**

_____
**Robert E. Grossman**
**United States Bankruptcy Judge**